FILED



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EUGENE FARMER,

    Plaintiff,

-VS-

CASE NO.: 3:16-CV-62-J-34JRK

VERIZON WIRELESS PERSONAL
COMMUNICATIONS LP,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like VERIZON WIRELESS PERSONAL COMMUNICATIONS LP from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give

1

telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

7. The alleged violations described in the Complaint occurred in Volusia County, Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in Daytona Beach, Volusia County, Florida

9. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

10. Plaintiff is an "alleged debtor."

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

12. Defendant, is a corporation which was formed in Delaware with its principal place of business at 1 Verizon Way, Basking Ridge, NJ 07920, and conducting business in the

state of Florida through its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation FL 33324.

13. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7).

14. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such a frequency as can be reasonably expected to harass.

16. Each call Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

17. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

18. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (239) 989-9999, and was the called party and recipient of Defendant's above described calls.

19. Plaintiff has never provided Defendant with her aforementioned cellular telephone number, nor has he ever provided verbal or express consent for Defendant to call his aforementioned cellular telephone number.

20. Upon information and belief, each call made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

3

21. Furthermore, upon information and belief, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227 (b)(1)(A).

22. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

23. In or about April of 2014, Plaintiff received a telephone call to his aforementioned cellular telephone number from Defendant seeking to recover a debt. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (239) 214-2425, (239) 214-8039, (239) 214-2876, (239) 214-2628, (239) 214-2425, (239) 214-2578, (239) 214-2731, (239) 214-2866, (941) 201-3119.

24. Immediately upon receipt of the calls, in or about April of 2014, the Plaintiff answered a call from the Defendant, received Defendant's automated message stating that this was Verizon calling to speak with an individual unknown to him and to please hold the line for the next available representative, held the line, and was eventually connected to an agent/representative of Defendant, at which time the Plaintiff informed Defendant that he was not the individual for whom they were calling, that he does not now nor has he ever had an account with Verizon, and to cease placing calls to his aforementioned cellular telephone number.

25. During the aforementioned April of 2014 conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular

4

telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

26. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

27. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

28. Again in or about May of 2014, due to the ceaseless barrage of calls to his aforementioned cellular telephone number from the Defendant, Plaintiff answered a call from Defendant, received Defendant's automated message stating that this was Verizon calling to speak with an individual unknown to him and to please hold the line for the next available representative, held the line, and, again, informed an agent/representative of Defendant that they he was not the individual for whom they were calling, that he had previously asked Defendant to remove his number from their system, and again demanded that the Defendant cease placing calls to her aforementioned cellular telephone number.

29. Despite actual knowledge that they did not have Plaintiff's consent, the Defendant continued its barrage of phone calls to Plaintiff's aforementioned cellular telephone number in an attempt to collect a debt.

30. From about April of 2014 through the filing of this Complaint, Plaintiff has answered a call from Defendant to his aforementioned cellular telephone number on at least thirty (30) separate occasions, held the line to be connected to a live representative, and informed Defendant that he is not the individual for whom they were calling, and demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

31. Furthermore, as a result of her aforementioned, repetitive demands that Defendant cease placing calls to his aforementioned cellular telephone number, Plaintiff received a variety of retorts from the agents/representatives of Defendant, which include an agent/representative of Defendant informing the Plaintiff that either *(1)*. they would have his number removed from their system; or *(2)*. that his cell phone was oddly listed as the contact information for at least four (4) or five (5) different accounts, and they were deleting it now; or *(3)*. a supervisor would apologize to him, inform him that they would fix it within twenty-four (24), and he would not be bothered anymore.

32. Each of the Plaintiff's requests for the harassment to end were ignored.

33. From about April of 2014 through the filing of this Complaint, Defendant placed approximately one-thousand five-hundred (1,500) automated calls to Plaintiff's aforementioned cellular telephone, or as will be established after a thorough review of Defendant's records (Please see attached **Exhibit "A"** representing a non-exclusive call log of calls received from June 2, 2015 through August 18, 2015).

34. By continuing to call the Plaintiff despite being informed that he did not owe the debt for which they were calling, Plaintiff was led to believe the Defendant thought she was lying and the only way to stop the harassing calls was to pay the alleged debt.

35. Defendant's corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have mistakenly believed it had.

36. Defendant's, corporate policy and procedures provided no means for the Plaintiff to have his aforementioned cellular number removed from the call list.

37. Defendant has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

38. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint. The Defendant has been sued civilly in Federal Court over one-hundred fifty (150) times in the last three (3) years.

39. In the last three (3) years, the Defendant has had 33,195 complaints reported to the Better Business Bureau (BBB)[1].

40. Defendant violated the TCPA with respect to the Plaintiff.

41. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

42. Plaintiff incorporates Paragraphs one (1) through forty-one (41).

43. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

44. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

---

[1] Retrieved from http://www.bbb.org/new-jersey/business-reviews/cellular-telephone-service-and-supplies/verizon-wireless-in-basking-ridge-nj-1001468/ on 01/12/2015.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

44. Plaintiff incorporates Paragraphs one (1) through forty-one (41).

45. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72.

46. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

47. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

48. Defendant has violated Florida Statute §559.72(9) by attempting to enforce a debt when Defendant knows that the debt is not legitimate or assert the existence of some legal right when Defendant knows that right does not exist.

49. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

Respectfully submitted,

*s/Amanda Allen*
Amanda Allen, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
AAllen@ForThePeople.com
LCrouch@ForThePeople.com
Florida Bar #: 0098228
Attorney for Plaintiff

9